930 F.2d 24
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
E. Tyrone COLLINS, Plaintiff-Appellant,
v.
SAGINAW COUNTY SHERIFF'S DEPARTMENT, Defendant-Appellee.
 No. 90-2171.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1991.
 
 Before RALPH B. GUY, JR. and ALAN E. NORRIS, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 E. Tyrone Collins, pro se, appeals the district court's order granting the defendant's motion to dismiss this civil rights complaint filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Collins alleged that: 1) he was subjected to physical beatings and other cruel acts during the time of his incarceration in the Saginaw County Jail from February 2, 1986, through October 28, 1986; 2) the county prosecutor pressured Collins into bargaining with him, to "force" Collins's godson to plead guilty to an unrelated sex offense so that the godson would receive a year instead of a life sentence of imprisonment, and that such "deal was made to keep plaintiff [sic] mouth close [sic]" in regard to the alleged cruel punishment being imposed upon Collins; and 3) the defendant forced him to use drugs, "show his naked body to fellow prisoners," and to remain nude in a cold cell for four days. The matter was referred to a magistrate, who recommended that the defendant's motion to dismiss be granted. The district court adopted that recommendation, dismissing the complaint on October 10, 1990. On appeal, Collins requests appointment of counsel.
 
 
 3
 Upon review, this court concludes that the motion to dismiss was properly granted. A district court's dismissal under Fed.R.Civ.P. 12(b)(6) is a question of law subject to de novo review by this court. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990). The record shows that Collins' objections to the magistrate's initial report and recommendation were only general in nature, raising no particular issue contained within the report. Therefore, any specific objection Collins has on appeal has been waived. Thomas v. Arn, 474 U.S. 140, 147-48 (1985); Smith v. Detroit Fed'n of Teachers Local 3231, 829 F.2d 1370, 1373 (6th Cir.1987).
 
 
 4
 Moreover, this Sec. 1983 claim is not available against the county sheriff's department, as Collins has not alleged or demonstrated any practice or custom on the part of that department with respect to any individual officers' actions alleged in his complaint. Pembaur v. City of Cincinnati, 475 U.S. 469, 479-80 (1986); Beddingfield v. City of Pulaski, Tenn., 861 F.2d 968, 971 (6th Cir.1988). Finally, a municipality or agent of a municipality cannot be held liable under Sec. 1983 on a respondeat superior theory. Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). Plaintiff may be able to set out a timely cause of action against an allegedly responsible person for the acts complained about, but he has failed to allege a cause of action against this named defendant.
 
 
 5
 Accordingly, the appellant's request for counsel is DENIED and the district court's order filed October 10, 1990, is hereby AFFIRMED. Rule 9(b)(5), Rules of the Sixth Circuit.